CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 23, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMESON JAMES WOOD,       )<br>    Plaintiff,       )<br>       )<br>v.       )<br>       )<br>D. FELTS, *et al.*,       )<br>    Defendants.       ) | Civil Action No. 7:23-cv-00636<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Jameson James Wood, an inmate in the custody of the Virginia Department of Corrections (VDOC), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his right to freely exercise his religion. (Compl., Dkt. No. 1; Am. Compl., Dkt. No. 30-1.) Before the court is Wood's motion for a preliminary injunction (Dkt. No. 15), which will be denied. Despite this denial, however, defendants are reminded of their duty to preserve the journal in question as relevant evidence in this litigation. *See, e.g.*, *Norfolk So. Rwy. Co. v. Railworks Maint. Of Way, Inc.*, Civil No. 2:22cv3, 2023 WL 6620341, at *3 (E.D. Va. Sept. 18, 2023) (discussing litigation holds and spoliation).

Plaintiff alleges that defendant D. Felts, a correctional officer at River North Correctional Center, confiscated a brown, leather-bound journal that plaintiff had used for religious study and prayer. (Am. Compl. 13.) He alleges violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (*Id.*) Plaintiff's motion does not seek the return of the journal; instead, it "seeks a temporary restraining order and a preliminary injunction to ensure that the item is preserved until the final disposition of this case." (Dkt. No. 15 at 1.)

The party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in

the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010).

The Fourth Circuit no longer recognizes a "'flexible interplay' among all the factors considered." *Real Truth*, 575 F.3d at 347 (quoting *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189, 196 (4th Cir. 1977)). Instead, each of these requirements "must be fulfilled as articulated." *De la Fuente v. S.C. Dem. Party*, 164 F. Supp. 3d 794, 797–98 (D.S.C. 2016); *Henderson for Nat'l Lab Resl. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (explaining that a district court need not "mechanically consider all four *Winter* factors if one is clearly absent").

Overall, a preliminary injunction is an "extraordinary remedy involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). The moving party bears the burden of proving, by a preponderance of the evidence, all four elements of the preliminary injunction determination. *Prysmian Cables & Sys. USA, LLC v. Szymanski*, 573 F. Supp. 3d 1021, 1035 (D.S.C. 2021). "A preponderance of the evidence is evidence which convinces the fact finder as to its truth." *Id.*

The court finds, at this stage of the proceedings, that plaintiff has not satisfied all four requirements for obtaining preliminary injunctive relief. Among other deficiencies, plaintiff has not demonstrated that he is likely to suffer irreparable harm if the court does not order, as plaintiff requests, that defendants "ensure" that plaintiff's journal is "preserved until final disposition of this case." (Dkt. No. 29 at 2.) Plaintiff does not offer any evidence to suggest that

the journal is in danger of being damaged or misplaced by prison officials. Even if plaintiff suffered past injury from the confiscation of the journal, he has not demonstrated a real and immediate threat that he will suffer future harm through the loss of or damage to his journal. Both "the Supreme Court and [the Fourth Circuit] have emphasized . . . that the existence of past harm is far from dispositive on the question of irreparable future harm." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 386 (4th Cir. 2017). "Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22.

Additionally, plaintiff has not shown that the public interest supports the issuance of a preliminary injunction. Courts have recognized that requests for preliminary injunctive relief in the prison setting must be "viewed with great caution" because of the "complex and intractable problems of prison administration," *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995), and that "[f]ederal micromanagement of state prisons is, among other things, a recipe for poor administrative results," *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 958 (4th Cir. 1995). Based on the circumstances presented, the court is unable to conclude that the public interest would be served by interfering with security decisions before plaintiff's claims are addressed on the merits. *See Taylor v. Freeman*, 34 F.3d 266, 274 n.7 (4th Cir. 1995) (in vacating a preliminary injunction, noting that the district court failed to adequately account for "the degree to which the public interest is disserved when federal courts assume the role of state prison administrators").

For these reasons, the court concludes that Wood has not made a "clear showing" that he is entitled to preliminary injunctive relief. *Winter*, 555 U.S. at 22. Accordingly, it is HEREBY ORDERED that his motion for a preliminary injunction (Dkt. No. 15) is DENIED.

The Clerk is directed to transmit a copy of this memorandum opinion to plaintiff and to all counsel of record.

Entered: August 23, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge