CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 24, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMESON JAMES WOOD, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:23-cv-00636 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| D. FELTS, *et al.*, | ) |     Chief United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Jameson James Wood, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Am. Compl., Dkt. No. 32.) Defendants David Anderson, D. Feltz, Lisa Hernandez, H. Sharpe, and Rodney Younce have filed a partial motion to dismiss the amended complaint. (Dkt. No. 36.) Wood has alleged violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act based on the confiscation of a brown, leather journal used for religious study and prayer.

Wood was granted several extensions (Dkt. Nos. 41, 43, 45, 48) and has now responded to the motion to dismiss (Dkt. No. 50). Wood has also filed a motion for leave to file a second amended complaint (Dkt. No. 46) which is opposed by the defendants (Dkt. No. 49). The court will grant in part and deny in part plaintiff's motion for leave to file an amended complaint. Because the court is granting leave to file a second amended complaint, the pending motion to dismiss will be dismissed as moot.

Rule 15 states that a party can amend its pleading once as a matter of course, but in all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied "only when the amendment would be prejudicial to

the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Wood's proposed second amended complaint seeks to add Kevin McCoy to this suit because he is the current warden at River North Correctional Center. (Dkt. No. 46-1.) The proposed amendment does not contain any allegations explaining how McCoy violated Wood's constitutional rights. Thus, the proposed amendment is futile as to McCoy because "[l]iability under § 1983 attaches only upon personal participation in the constitutional violation." *Wright v. Baxter*, Civil Action No. DKC-24-1966, 2025 WL 621694, at *4 (D. Md. Feb. 26, 2025) (citing *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004)). Neither does Wood plausibly allege the elements to support supervisory liability for McCoy. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (listing elements of supervisory liability, including actual or constructive knowledge, deliberately indifferent response, and affirmative causal link).

However, the court will grant leave to amend in all other respects because the proposed amendment provides more detail for Wood's allegations that there was a substantial burden on his ability to practice in accordance with a sincerely held religious belief. *See Incumaa v. Stirling*, 791 F.3d 517, 525 (4th Cir. 2015). For example, Wood now alleges that his religious exercise was burdened "by denying access to the religious material which was hand copied by plaintiff into the journal. Included were instructions on fasting, prayer, and spiritual warfare. Also holiness, righteousness, and other tenants of the Christian faith." (Proposed Second Am. Compl. ¶ 30, Dkt. No. 46-1; *see also id.* ¶¶ 25–31; ¶ 32 ("Without the daily guide, plaintiff has been unable to grow spiritually and has become stagnated.").) Accordingly, the court finds that the proposed second amended complaint is not futile with respect to Wood's religious exercise claims against the defendants aside from McCoy.

Defendants have argued that they will be prejudiced if the court allows Wood to file another amended complaint because Wood "has not demonstrated any willingness" to contest their partial motion to dismiss. (Dkt. No. 49 at 2.) Wood was granted several extensions, but all were justified by good cause, and he has now contested the motion to dismiss, arguing that the proposed amended seeks to rectify the issues raised by the partial motion to dismiss. The court finds that defendants will not be prejudiced by the allowance of a second amended complaint that includes more fulsome allegations in support of Wood's claims.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Wood's motion for leave to file a second amended complaint (Dkt. No. 46) is DENIED with respect to defendant McCoy. The motion is GRANTED in all other respects. The Clerk is directed to file the proposed amendment (Dkt. No. 46-1) as a separate docket entry labeled "Second Amended Complaint". While McCoy is listed as a defendant in the Second Amended Complaint, any claims against him are DISMISSED without prejudice, and McCoy is not a defendant in this lawsuit; and

2. Defendants' partial motion to dismiss (Dkt. No. 36) is DISMISSED without prejudice as moot.

The Clerk is directed to transmit a copy of this order to Wood and to all counsel of record.

Entered: March 24, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge